United States District Court
Southern District of Texas
**ENTERED**
September 11, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Junior Alejandro Chacon Carrero, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4702 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Junior Alejandro Chacon Carrero is a native and citizen of Venezuela, Doc. 1 ¶ 38, who illegally entered the United States in 2024, *Id.* ¶ 23; Doc. 7-1. On September 29, 2024, Petitioner was served with a Notice to Appear, charging him with removability as an alien present in the United States without being admitted or paroled Docs. 1-3, 7-1. On the same day, Petitioner was paroled into the United States, and his parole expired on April 18, 2025. Docs. 1-4; 7 at 2. On October 15, 2025, Petitioner was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), Doc. 1 ¶ 3, and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center in Conroe, Texas, Docs. 1 ¶ 34, 1-5.

On January 23, 2026, an immigration judge ordered Petitioner removed to Ecuador. Doc. 1-6. On February 24, 2026, the removal order became administratively final. Doc. 1 ¶ 5. Subsequently, on June 8, 2026, Petitioner and DHS filed motions to reopen Petitioner's removal proceedings. Docs. 1-7, 1-8. On July 1, 2026, the Immigration Judge granted DHS's motion. Docs. 7 at 2–3; 7-5. Petitioner's removal proceedings are ongoing. *See*

Executive Office for Immigration Review, *Automated Case Information System*, https://acis.eoir.justice.gov/ (last visited September 3, 2026) (listing individual hearing set for September 16, 2026).

Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates 8 U.S.C. § 1231(a)(6) and the Fifth Amendment's Due Process Clause as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Doc. 1 ¶¶ 60–68.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8.[1] Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Because Petitioner's removal proceedings were reopened, he is no longer subject to an administratively final order of removal. *See Nken v. Holder*, 556 U.S. 418, 429 n.1 (2009) (noting "a determination that the BIA should have granted [a] motion to reopen would necessarily extinguish the finality of the removal order"); *Bronisz v. Ashcroft*, 378 F.3d 632, 637 (7th Cir. 2004) ("[T]he grant of a motion to reopen vacates the previous

[1] In his response, Petitioner principally relies on the Fifth Circuit's panel opinion in *Sosnava Rodriguez v. Ortega*, but the Circuit has since ordered the cause reheard *en banc* and vacated that opinion pursuant to Fifth Circuit Rule 41.3. 181 F.4th 608, 609 (5th Cir. 2026). As such, the Court is not bound by the panel opinion's holding or rationale.

order of deportation or removal and reinstates the previously terminated immigration proceedings."). Thus, Petitioner's claim that his present detention violates 8 U.S.C. § 1231(a)(6) and the Fifth Amendment's Due Process Clause as interpreted in *Zadvydas* must be dismissed without prejudice to Petitioner reasserting this claim if he becomes subject to post-removal-period detention under 8 U.S.C. § 1231(a)(6).

In his response, Petitioner argues that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) during his reopened removal proceedings violates the Immigration and Nationality Act and procedural due process.[2] *See* Doc. 8. This Court has previously resolved the precise challenges raised in Petitioner's response, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[3]

---

[2] Petitioner may not assert new causes of action in a reply brief; if Petitioner wishes to assert new arguments for his petition, he must do so in the petition itself. *See Roeder v. Am. Postal Workers Union, AFL-CIO*, 180 F.3d 733, 737 n.4 (5th Cir. 1999). Even if Petitioner had properly raised these claims by filing an amended petition after the Immigration Judge reopened his proceedings, the Court would still reject Petitioner's claims based on its prior orders rejecting these precise claims.

[3] As to Petitioner's argument that he cannot be mandatorily detained under 8 U.S.C. § 1225(b)(2)(A) because he was previously released on parole, *see* Doc. 8 at 5–6, the Court previously rejected an analogous argument in *Portillo de Marquez v. Mullin*, 4:26-cv-2073 (S.D. Tex. July 14, 2026) (rejecting an *ultra vires* agency action claim as an improper attempt to bind the current Administration to its predecessors' positions when the INA contemplates re-detention).

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for a Writ of *Habeas Corpus* is DENIED. Petitioner's claim that his detention violates 8 U.S.C. § 1231(a)(6) and the Fifth Amendment's Due Process Clause as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001) is DISMISSED WITHOUT PREJUDICE to being re-asserted if Petitioner is subsequently detained under 8 U.S.C. § 1231(a)(6). In all other respects, this action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 11th of September, 2026.

Nicholas J. Ganjei
United States District Judge